UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMMY PAUL BANCHS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FOE ENAMY PEOPLE WHO OWE ZILLION DOLLERS TILLION,<br><br>　　　　　　　Defendant. | **MEMORANDUM & ORDER**<br>22-cv-7232 (HG) |

**HECTOR GONZALEZ,** United States District Judge:

　　　　Plaintiff commenced this case on November 21, 2022, by filing his complaint *pro se*, along with a request to proceed *in forma pauperis*. *See* ECF Nos. 1, 2.  The Court grants Plaintiff's request to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, solely for the purpose of this Order.  For the reasons discussed below, the complaint is dismissed.

## LEGAL STANDARD

　　　　It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read Plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  Nevertheless, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The Supreme Court has held that a district court has "the authority to 'pierce the veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citation omitted). A district court is not "bound . . . to accept without question the truth of the plaintiff's allegations" especially if such allegations "cannot be rebutted by judicially noticeable facts." *Id.*

## DISCUSSION

Plaintiff's largely illegible and handwritten complaint is nonsensical and does not present any cognizable claim. For example, Plaintiff writes, "sound wave . . . effect world leaders by taken information secre[t] by evil etc. . . you will never know . . . new infor[mation] I now have to get those who have sound wave I know how to stop the sound wave, so now that enough infor[mation] at this time cash want to have in palm hand for this infor[mation] . . . ." *See* ECF No. 1 at 2. Plaintiff seeks damages, but it is unclear how much. *Id*. at 2, 6, 8, 10.

Plaintiff's allegations, even under the most liberal reading afforded to *pro se* pleadings (and even if plaintiff believes them to be true), can only be described as frivolous and "clearly baseless." *Denton*, 504 U.S. at 33; *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless–that is, they are fanciful, fantastic, or delusional.") (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33; *Khalil v. United States*, Nos. 17-cv-2652 & 17-cv-

2

5458, 2018 WL 443343, at *3–4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint alleging broad conspiracy as frivolous), *Bussie v. IRS Commissioner*, Nos. 16-cv-7006 & 17-cv-157, 2017 WL 395113, at *3 (E.D.N.Y. Jan. 27, 2017) (dismissing "indisputably meritless" complaint as frivolous).

Given the implausibility of Plaintiff's allegations, the action cannot proceed. *See Walker v. Real Life Church*, Nos. 22-cv-4455 & 22-cv-4456, 2022 WL 3358088, at *1 (E.D.N.Y. Aug. 15, 2022) (dismissing *pro se* complaint as frivolous where the Court could not discern what cognizable harm the plaintiff suffered); *Burton v. USA*, No. 21-cv-6238, 2022 WL 1093217, at *3 (E.D.N.Y. Apr. 12, 2022) (dismissing *pro se* plaintiff's complaint as frivolous because the allegations rise to the level of the irrational); *Gilot v. Gov't*, No. 21-cv-4346, 2021 WL 3861684, at *2 (E.D.N.Y. Aug. 27, 2021) (dismissing *pro se* plaintiff's claims because they are "entirely fanciful and frivolous").

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once . . . ."). "[B]ut amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'" *McKie v. Kornegay*, No. 21-cv-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court concludes that granting leave to amend would be futile and declines to do so.

## CONCLUSION

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3),

3

that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                                            */s/ Hector Gonzalez*
                                                            HECTOR GONZALEZ
                                                            United States District Judge

Dated: Brooklyn, New York
        December 5, 2022